UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

WAYNE A. KRUSE, LISA M. McLEOD, ROBERT SCHILL and DAVID and BARBARA LEGRO, on behalf of themselves and all others similarly situated,

                Plaintiffs,

v.

WELLS FARGO HOME MORTGAGE, INC., WFC HOLDINGS CORPORATION, WELLS FARGO & COMPANY, and WELLS FARGO FINANCIAL SERVICES, INC.,

                Defendants.

02-CV-3089 (ILG) (RLM)

---

**DEFENDANTS' REPLY BRIEF IN FURTHER SUPPORT OF THEIR MOTION FOR SUMMARY JUDGMENT AND IN OPPOSITION TO THE <u>CROSS-MOTION TO INTERVENE BY THE PROPOSED NEW PLAINTIFFS</u>**

GOODWIN PROCTER LLP
599 Lexington Avenue
New York, New York 10022
(212) 813-8800

# **TABLE OF CONTENTS**

Page

TABLE OF AUTHORITIES ............................................................................................... -ii-

INTRODUCTION .................................................................................................................. 1

ARGUMENT .......................................................................................................................... 2

    A.    Plaintiffs Concession That Their Claims Are False Means That No Justiciable Case or Controversy Remains and Precludes Intervention ................... 2

    B.    Venue Does Not Lie In This Court ........................................................................... 5

    C.    The Cross-Motion To Intervene Is Untimely .......................................................... 6

    D.    Intervention May Not Toll The Statute of Limitations For the Purported Class ..... 9

CONCLUSION .................................................................................................................... 13

# TABLE OF AUTHORITIES

**Case law**                                                                                                           **Page(s)**

*American Pipe & Construction Co. v. Utah*, 414 U.S. 538 (1974) ............................................................... 9-13

*Applebaum v. State Farm Mut. Auto. Ins. Co.*, 109 F.R.D. 661 (M.D. Pa. 1986)) .......................................... 3

*Bass v. Butler*, 224 F. Supp. 2d 950 (E.D. Pa. 2002) ........................................................................................ 3

*Board of School Comm'rs v. Jacobs*, 420 U.S. 128 (1975) ............................................................................... 2

*Booth v. Prince George's County*, 66 F.R.D. 466 (D. Md. 1975) .................................................................... 3

*Burns v. Ersek*, 591 F. Supp. 837 (D. Minn. 1984) ........................................................................................ 11

*Copeland v. Perales*, 141 F.R.D. 11 (E.D.N.Y. 1992) .................................................................................... 4

*Crown, Cork & Seal Co. v. Parker*, 462 U.S. 345 (1983) ................................................................................ 9

*Diduck v. Kaszycki & Sons Contractors, Inc.*, 149 F.R.D. 55 (S.D.N.Y. 1993) ............................................... 4

*Eckert v. Equitable Life Assurance Society*, 227 F.R.D. 60 (E.D.N.Y. 2005) ................................................. 4

*Fleck v. Cablevision VII, Inc.*, 807 F. Supp. 824 (D.D.C. 1992) ............................................................... 12-13

*Fleming v. Bank of Boston Corp.*, 127 F.R.D. 30 (D. Mass. 1989),
aff'd sub nom. *Fleming v. Lind-Waldock & Co.*, 922 F.2d 20 (1st Cir. 1990) ................................................ 12

*Griffin v. Singletary*, 17 F.3d 356 (11th Cir. 1994) ....................................................................................... 11

*In re American Express Co. Shareholder Litigation*, 39 F.3d 395 (2d Cir. 1994) .......................................... 6

*In re Bank of New York Derivative Litig.*, 320 F.3d 291 (2d Cir. 2003) .......................................................... 6

*In re Colonial Ltd. P'ship. Litig.*, 854 F. Supp. 64 (D. Conn. 1994) .............................................................. 11

*In re Crazy Eddie Sec. Litig.*, 747 F. Supp. 850 (E.D.N.Y. 1990) ............................................................ 10-11

*In re Elscint, Ltd. Securities Litigation*, 674 F. Supp. 374 (D. Mass. 1987) .................................................. 12

*In re Greyhound Sec. Litig.*, 1997 U.S. Dist. LEXIS 23051 (N.D. Tex. Aug. 15, 1997) ................................. 3

*In re Westinghouse Sec. Litig.*, 982 F. Supp. 1031 (W.D. Pa. 1997) ............................................................. 11

*Korwek v. Hunt*, 827 F.2d 874 (2d Cir. 1987) ............................................................................................. 9-10

*Krim v. PCOrder.com, Inc.*, 402 F.3d 489 (5th Cir. 2005) ........................................................................... 2, 3

# TABLE OF AUTHORITIES
*(continued)*

*Leonelli* v. *Pennwalt Corp.*, 887 F.2d 1195 (2d Cir. 1989) .............................................................. 6

*Lusardi v. Xerox Corp.*, 975 F.2d 964 (3d Cir. 1992) ...................................................................... 2

*Nagle v. Commercial Credit Bus. Loans, Inc.*, 102 F.R.D. 27 (E.D. Pa. 1983) ............................... 4

*Sanders v. Merrill Lynch, Pierce, Fenner & Smith Inc.*,
1970 U.S. Dist. LEXIS 11137 (S.D.N.Y. June 29, 1970) ................................................................ 2

*Smith v. Flagship Int'l*, 609 F. Supp. 58 (N.D. Tex. 1985) ............................................................ 11

*Sosna v. Iowa*, 419 U.S. 393 (1975)) .............................................................................................. 3

*Swan v. Stoneman*, 635 F.2d 97 (2d Cir. 1980) .............................................................................. 4

*Trief v. Dun & Bradstreet Corp.*, 144 F.R.D. 193 (S.D.N.Y. 1992) ................................................ 4

*Warden v. Crown Am. Realty Trust*, 1998 U.S. Dist. LEXIS 16194 (W.D.Pa. Oct. 15, 1998) ..... 2-3

*Webb v. Chase Manhattan Mortgage Corp.*,
2005 U.S. Dist. LEXIS 726 (S.D.N.Y., Jan. 18, 2005) ................................................................. 5-6

## Statutes and Other Authorities

12 U.S.C. § 2614 ......................................................................................................................... 5, 6

28 U.S.C. § 1391(b) ......................................................................................................................... 5

Defendants Wells Fargo Home Mortgage, Inc., WFC Holdings Corporation, Wells Fargo & Company, and the entity named in the Complaint "Wells Fargo Financial Services, Inc." (collectively "Wells Fargo"), submit this Reply Memorandum of Law in further support of their motion for summary judgment, and in opposition to the cross-motion by plaintiffs' counsel to now substitute new plaintiffs.

## INTRODUCTION

In response to Wells Fargo's motion for summary judgment, plaintiffs concede that the core factual allegations of their Complaint are untrue: Wells Fargo never marked up their fees for settlement services provided by third party vendors. Hence Wells Fargo's summary judgment motion should be granted as unopposed.

Three other individuals have now cross-moved to intervene "to protect the claims of the putative class," and seek to file an amended complaint. *See* Plaintiffs' Br. at 2. As show below, the Court should deny the cross-motion and dismiss the case, for several reasons. First, because the named plaintiffs have now conceded that their claims are not viable, no justiciable case or controversy remains and intervention is not permissible. Second, venue in this Court will not lie for the proposed intervenors, who reside (and mortgaged property) in Nevada and California. Third, the cross-motion cannot satisfy Rule 24(b)'s timeliness requirement since the named plaintiffs (and their counsel) have known of the falsity of their claims since the end of 2002 (if not before). And fourth, the proposed intervenors have no need to intervene in this case since they are free to bring their own actions against Wells Fargo. Indeed, they may even bring their own putative class action on behalf of class members with timely claims. But they may not intervene here to assert the claims of the original putative class which are barred by the governing one-year statute of limitations.

For any or all of these reasons, the Court should exercise its discretion to deny the cross-motion to intervene, and dismiss this case with prejudice.

## ARGUMENT

### A. Plaintiffs' Concession That Their Claims Are False Means That No Justiciable Case Or Controversy Remains And Precludes Intervention

The plaintiffs concede that there is no factual basis for their claims that Wells Fargo charged them fees reflecting mark-ups of fees charged to Wells Fargo for settlement services performed by third-party vendors. They offer no response to Wells Fargo's summary judgment motion. Instead their counsel, in their cross-moving papers, concedes that: "Plaintiffs do not contest Defendants' motion for summary judgment as to [the named plaintiffs]." Plaintiffs' Br. at 2, n.1. In these circumstances the motion to intervene must be denied.

A "prerequisite of an intervention [is] that there be an existing suit within the Court's jurisdiction." *Krim v. PCOrder.com, Inc.*, 402 F.3d 489, 502 (5th Cir. 2005) (citation and internal quotation marks omitted). That means that intervention "should not be used to 'breathe life into a 'non-existent' lawsuit.'" *Sanders v. Merrill Lynch, Pierce, Fenner & Smith Inc.*, 1970 U.S. Dist. LEXIS 11137 at *6 (S.D.N.Y. June 29, 1970). It follows that, if a class representative's claims are found to lack merit before the putative class is certified – as is the case here – then "a case or controversy no longer exists between the named plaintiffs and [defendants]" and the complaint must be dismissed for lack of Article III jurisdiction. *Board of School Comm'rs v. Jacobs*, 420 U.S. 128, 129 (1975). "In such a situation, there is no plaintiff * * * who can assert a justiciable claim against any defendant and consequently there is no longer a 'case or controversy' within the meaning of Article III of the Constitution." *Lusardi v. Xerox Corp.*, 975 F.2d 964, 974-75 (3d Cir. 1992) (citation and internal quotation marks omitted). *Accord, e.g., Warden v. Crown Am. Realty Trust*, 1998 U.S. Dist. LEXIS 16194 at *24 (W.D.Pa.

2

Oct. 15, 1998) (dismissing class representative's claims and declining to permit intervention "into an otherwise defunct claim").

Although a *certified class* acquires a "legal status separate from the interest asserted" by the class representative, *Sosna v. Iowa*, 419 U.S. 393, 399 (1975), no class has been certified in this case. Thus, this Court's jurisdiction is limited to and solely based on the maintenance of a live case or controversy between the purported class representative and defendants. *See Applebaum v. State Farm Mut. Auto. Ins. Co.*, 109 F.R.D. 661, 663 (M.D. Pa. 1986) ("[W]hen no class certification has taken place, the dismissal of the only viable claim in the action ends the litigation and precludes intervention by other parties."); *Bass v. Butler,* 224 F. Supp. 2d 950, 961 (E.D. Pa. 2002) (if the class representative's claims are not viable when the motion for intervention is filed, and no ruling on class certification has been rendered, the motion for intervention must be denied because the district court no longer "retain[s] jurisdiction * * * to permit substitution of a named plaintiff"), *aff'd in relevant part and rev'd in part,* 2004 U.S. App. LEXIS 24728 at *26-27 (3d Cir. Nov. 30, 2004); *In re Greyhound Sec. Litig.*, 1997 U.S. Dist. LEXIS 23051 at *12 (N.D. Tex. Aug. 15, 1997) ("intervention is not an appropriate means for reviving a defunct action" prior to class certification); *Booth v. Prince George's County*, 66 F.R.D. 466, 476 (D. Md. 1975) ("[W]here a named plaintiff is dismissed from the class action because there is no case or controversy between him and the defendant and where the class itself has not been properly certified in accordance with Rule 23(c), the complaint of the class must be simultaneously dismissed for failure to set forth a case or controversy as required by Article III of the Constitution."); *see also Krim*, 402 F.3d at 502 ("That none of the individual claims remained viable * * * when the motion to intervene was filed, disposes of the attempt at intervention" in a purported class action prior to certification).

These authorities doom the cross-motion to intervene in this case, a conclusion unaffected by the decisions cited by the proposed intervenors. None of those decisions involved the dismissal of the named plaintiff's claim on the merits and the court's loss of Article III jurisdiction. *Swan v. Stoneman*, 635 F.2d 97, 102 n.6 (2d Cir. 1980), and *Diduck v. Kaszycki & Sons Contractors, Inc.*, 149 F.R.D. 55 (S.D.N.Y. 1993), stand only for the uncontroversial proposition that timely motions to intervene should be granted when the named plaintiff has died. In *Copeland v. Perales*, 141 F.R.D. 11 (E.D.N.Y. 1992), the class had been certified and the timely intervention motion was unopposed. In *Eckert v. Equitable Life Assurance Society*, 227 F.R.D. 60 (E.D.N.Y. 2005), the named plaintiff settled his claim against the defendant and this Court permitted the intervention of another named plaintiff, thereby preventing the defendant's settlement offer from "pick[ing] off" the named plaintiff in an impermissible effort to defeat the class. *Id.* at 62. Here the named plaintiffs have not settled an arguably meritorious claim, but have conceded that their claims have no basis. And finally, in *Trief v. Dun & Bradstreet Corp.*, 144 F.R.D. 193 (S.D.N.Y. 1992), the defendants had expressly agreed that class certification was appropriate, and the court allowed a member of the class to intervene so as that "all interested plaintiffs are represented." *Id.* at 203.

In short, a live Article III case or controversy no longer exists in this case. No class has been certified and the plaintiffs admit that their claims are not viable. Hence the cross-motion to intervene should be denied and the case should be dismissed. *Cf. Nagle v. Commercial Credit Bus. Loans, Inc.*, 102 F.R.D. 27, 31 (E.D. Pa. 1983) ("Manufacturing jurisdiction is not a proper place for permissive intervention.").

B.  **Venue Does Not Lie In This Court**

The proposed intervenors' proposed amended complaint alleges (at ¶ 14):

Under 28 U.S.C. § 1391(b) & [12 U.S.C.] § 2614, venue is proper in this district because a substantial part of the events or omissions giving rise to the claims of Plaintiffs occurred in this district.

That contention is incorrect for several reasons. First, *none* of the events giving rise to the claims of the proposed intervenors occurred in this District. Richard and Rhianna Carrillo complain of fees charged them "for settlement services required to finance the purchase of their North Las Vegas, Nevada home in September 2004." Proposed Amended Class Action Complaint ¶ 8. Armando Martinez complains of fees charged him "for settlement services required to finance the purchase of his San Jose, California home in May 2005." *Id.* ¶ 9. All of the defendants are alleged to have their principal place of business in San Francisco, California. *Id.* ¶ 10. None is alleged to have taken any action of any kind in this District with respect to the loans of the proposed intervenors.

Second, the general venue provisions of 28 U.S.C. § 1391(b) by their terms apply only "except as otherwise provided by law." The Real Estate Settlement Procedures Act ("RESPA") has its own venue provision (RESPA § 16, 12 U.S.C. § 2614). Thus § 1391(b) does not apply and cannot confer venue here. *See Webb v. Chase Manhattan Mortgage Corp.*, 2005 U.S. Dist. LEXIS 726 (S.D.N.Y., Jan. 18, 2005) (§ 1391(b) inapplicable because RESPA contains its own venue provision).

Third, venue in this District does not lie under RESPA. Section 16 provides that an action thereunder "may be brought in the United States district court * * * for the district in which the property involved is located, or where the violation is alleged to have occurred." 12 U.S.C. § 2614. Neither the property of the Carrillos or Mr. Martinez is located here and, as we

5

have seen, none of the events giving rise to their claims occurred here. Accordingly, venue is improper in this district. *See Webb v. Chase Manhattan Mortgage Corp.*, *supra* (dismissing for improper venue when the properties were located in Tennessee and Colorado, and the wrongful conduct was not alleged to have occurred in New York).

It follows that this Court should not permit the proposed amended complaint to be filed, since amendment would be futile, and should deny the cross-motion to intervene as futile. *See, e.g., In re American Express Co. Shareholder Litigation*, 39 F.3d 395, 401 (2d Cir. 1994) ("[L]eave to amend may be denied if the amendment would be futile.") (citing *Foman v. Davis*, 371 U.S. 178 (1962)); *Leonelli* v. *Pennwalt Corp.*, 887 F.2d 1195, 1197 (2d Cir. 1989) (same).

C.  **The Cross-Motion To Intervene Is Untimely**

A permissive intervention motion under Rule 24(b) must be timely.[1] In deciding whether a motion is timely, "courts should consider '(1) how long the applicant had notice of the interest before it made the motion to intervene; (2) prejudice to existing parties resulting from any delay; (3) prejudice to the applicant if the motion is denied; and (4) any unusual circumstances militating for or against a finding of timeliness.'" *In re Bank of New York Derivative Litig.*, 320 F.3d 291, 300 (2d Cir. 2003) (citation omitted).

Normally, one would inquire how long the proposed intervenors themselves – in this case Richard and Rhianna Carillo and Armando Martinez – had notice of the interest they sought to protect before they moved to intervene. But here the proposed intervenors have no individual interest in intervention. The Carillos' claim allegedly arose on September 22, 2004; Martinez's on May 26, 2005.[2] The limitations period under RESPA is one year. *See* 12 U.S.C. § 2614.

---

[1]  The Rule provides that "[u]pon timely application anyone may be permitted to intervene in an action" on the conditions thereafter set out.

[2]  Proposed Amended Class Action Complaint ¶¶ 32 and 33.

6

Thus, their claims are timely and the only reason for their proposed intervention in this case is to preserve the purported class action claims against a statute of limitations challenge.

In these circumstances it is appropriate to consider how long the lawyers purportedly representing the purported class had notice of the need to substitute in a new plaintiff. The motion to intervene states that it is timely because it was purportedly brought "shortly after the determination that the named plaintiffs may not be able to continue in the action," or "shortly after discovery relating to the named plaintiffs was concluded and the need for intervention was realized." Plaintiff's Br. at 2, 4. Neither of those statements is well taken.

In the Fall of 2002, the named plaintiffs served interrogatories on Wells Fargo, which Wells Fargo answered on December 27, 2002.[3] Response to Interrogatory No. 2, subparts (b)-(d), stated exactly how much the third party vendors charged Wells Fargo for the fees in question. Those amounts corresponded precisely to the amounts shown to have been charged to the named plaintiffs on their HUD-1 settlement statements, which were provided to them at closing and additional copies of which accompanied the interrogatory answers.[4]

Thus, if the motion to intervene had really been filed "shortly after the determination that the named plaintiffs may not be able to continue in the action" (Plaintiff's Br. at 2), or "shortly after discovery relating to the named plaintiffs was concluded and the need for intervention was realized" (Id. at 4), it would have been filed in the Spring of 2003, not more than two years later in July, 2005.

---

[3] A copy of the Responses appears at Exhibit G to Wells Fargo's Local Rule 56.1 Statement accompanying its summary judgment motion, filed herein on June 17, 2005.

[4] The Interrogatory Response states that (a) in connection with the loan to plaintiffs Wayne Kruse and Lisa McLeod, Wells Fargo paid $80 to Wells Fargo Real Estate Tax Service ("WFRETS") for a tax certification and $16 to Wells Fargo Insurance for a flood certification; and (b) in connection with the loan to David and Barbara Legro, Wells Fargo paid $65 toWFRETS for a tax service certificate and $16 to First American Flood Services for a flood certification. The HUD-1 settlement statements show that those fees were passed on to the named plaintiffs without a mark-up. See Defendants' Moving Br. at 5-6.

7

The named plaintiffs and their counsel have produced nothing to show that those plaintiffs ever had a basis for their claim. They should have known from the day the complaint was filed that the claims were baseless, and surely by December 2002. There is no reason why over thirty months should have passed before the intervention motion was filed. The delay has prejudiced Wells Fargo by forcing it to defend against frivolous claims in the meantime, including participating in discovery and preparing its summary judgment papers contesting claims so baseless that the plaintiffs have not even filed a response.

No prejudice will befall the proposed intervenors if their cross-motion is denied. They remain free to file their own complaint. Indeed, they have no individual need to intervene in a suit in New York when they may bring their own suit closer to their homes in Nevada and California.

Accordingly, because the named plaintiffs and their counsel have been on notice for more than two years that their claims were false, and because the proposed intervenors themselves are wholly indifferent to the outcome, this Court should exercise its discretion and deny the cross-motion to intervene on the ground that it is untimely.[5]

\*   \*   \*

Wells Fargo has thus shown that the cross-motion to intervene should be denied for the independent reasons that (a) intervention may not breathe life into a nonexistent lawsuit, in violation of Article III, (b) venue is improper in this Court, and (c) the motion is untimely in any event under Rule 23. If the Court agrees with all or any of those points, it need not consider the following argument, setting out a fourth alternative reason why the cross-motion must be denied.

---

[5] "Because permissive intervention is (by definition) never mandatory . . . reversal of a district court's denial of permissive intervention is a very ra[re] bird indeed." *In re Bank of N.Y. Derivative Litig.*, 320 F.3d at 300 n.5 (citation omitted).

8

**D.      Intervention May Not Toll The Statute of Limitations For The Purported Class**

As we have seen, the claims of the proposed intervenors are timely under RESPA's one-year statute of limitations. If they were to file an independent action by September 21, 2005,[6] and seek to represent a class, the class period would start one year before, on September 22, 2004. Claims arising before that date would be barred. The question is whether, by intervening in this action, the proposed intervenors may represent the original purported class, which would extend the class period back to one year before the original complaint, to May 25, 2001. That depends on whether the original suit filed in this case tolled the statute of limitations for class claims that would otherwise be untimely if filed today.[7]

The filing of a class action tolls the running of the statute of limitations for *individual* members of the class who seek to intervene if class certification is denied, *American Pipe & Construction Co. v. Utah*, 414 U.S. 538, 552-53 (1974), or who file individual actions after the denial of class certification. *Crown, Cork & Seal Co. v. Parker*, 462 U.S. 345, 354 (1983). Many courts, however, have held that the rule is different for subsequently filed class actions.

Thus, in *Korwek v. Hunt*, 827 F.2d 874 (2d Cir. 1987), citing six earlier decisions ruling that "the *American Pipe* tolling rule does not apply to permit putative class members to file a subsequent class action," *id.* at 878,[8] the court held that, at least when class certification has been

---

[6]   That is when the RESPA limitations period will expire for the Carillos' claim. The statute will run on Martinez's claim on May 26, 2006.

[7]   The proposed amended complaint, like the original complaint, asserts that Wells Fargo concealed its alleged wrongdoing and thereby suspended the limitations period. Proposed Amended Class Action Complaint ¶¶ 40-48. If equitable tolling applies, the proposed intervenors may be able to represent the original purported class of Wells Fargo borrowers going back to January 1, 1995. We leave that issue to another day.

[8]   Citing *Salazar-Calderon v. Presidio Valley Farmers Ass'n*, 765 F.2d 1334 (5th Cir. 1985); *Krinsk v. Fund Asset Mgmt., Inc.*, 1986 U.S. Dist. LEXIS 25691 (S.D.N.Y. May 9, 1986); *Andrews v. Orr*, 614 F. Supp. 689 (S.D. Ohio 1985); *Smith v. Flagship Int'l*, 609 F. Supp. 58 (N.D. Tex. 1985); *Burns v. Ersek*, 59 F. Supp. 837 (D. Minn. 1984); and *Rhoades v. Jim Dandy Co.*, 107 F.R.D. 26 (N.D. Ala. 1985).

held inappropriate, "the tolling rule established by *American Pipe*, and expanded upon by *Crown, Cork*, was not intended to be applied . . . ." *Id.* at 879. Indeed, "such an application of the rule would be inimical to the purposes behind statutes of limitations and the class action procedure." *Id.*[9]

In *In re Crazy Eddie Sec. Litig.*, 747 F. Supp. 850 (E.D.N.Y. 1990) (Nickerson, J.), the Court extended *Korwek* to cases (like the one at bar) where the original named plaintiffs' claims were dismissed. That was a purported class action case alleging a violation of § 11 of the Securities Act of 1933, 15 U.S.C. § 77k (false representations in a prospectus), but the named plaintiffs were unable to trace their debenture purchases to the public offering and the Court dismissed their claims for lack of standing. Another individual who had the requisite standing brought a second purported class action that was untimely but contended that the first complaint had tolled the limitations period. The Court rejected the argument. It ruled:

> [*Korwek*] pointed out that if the pendency of a prior class action were to toll the limitations period for claims brought in a later class action, resourceful counsel could 'piggy-back one class action onto another and thus toll the statute of limitations indefinitely.'
>
> While *Korwek* involved a class action brought by persons excluded from a previous class certification for lack of common issues of fact or law or typical claims, the court's reasoning is equally applicable to a class action brought after a previous class action has been dismissed for lack of standing. In fact the concern is perhaps more acute where the dismissal of the first action is for lack of standing. There appears to be no good reason to

---

[9] A number of other courts have followed *Korwek*. *See, e.g., Basch v. Ground Round, Inc.*, 139 F.3d 6, 11-12 (1st Cir. 1998)(*American Pipe* does not "allow lawyers to file successive putative class actions . . . perpetually tolling the statute of limitations"); *Andrews v. Orr*, 851 F.2d 146, 149 (6th Cir. 1988) (courts of appeals "appear to be in unanimous agreement that the pendency of a previously filed class action does not toll the limitations period for additional class actions by putative members of the original asserted class"); *Robbin v. Fluor Corp.*, 835 F.2d 213, 214 (9th Cir. 1987) (to extend tolling to class actions "tests the outer limits of the *American Pipe* doctrine and . . . falls beyond its carefully crafted parameters into the range of abusive options") (citation omitted).

10

> encourage bringing of a suit merely to extend the period in which to find a class representative.

747 F. Supp. at 856 (citations omitted).

Many other cases have similarly held that, when the original named plaintiff is found to lack standing, the limitations period is not tolled for subsequent class actions that are out of time. Thus, in *Griffin v. Singletary*, 17 F.3d 356 (11th Cir. 1994), a Title VII case in which the original named plaintiffs lacked standing to complain of an allegedly discriminatory employment test, the court approved the dismissal of a subsequent untimely class action filed by individuals who did have standing. The court held that "'the pendency of a previously filed class action does *not* toll the limitations period for additional class actions by putative members of the original asserted class.' The plaintiffs may not 'piggyback one class action onto another,' and thereby engage in endless rounds of litigation . . . over the adequacy of successive named plaintiffs to serve as class representatives." *Id.* at 359 (emphasis in original) (citations omitted). *See also In re Westinghouse Sec. Litig.*, 982 F. Supp. 1031 (W.D. Pa. 1997) (no tolling for class action where complaint is dismissed on the merits); *In re Colonial Ltd. P'ship. Litig.*, 854 F. Supp. 64, 82 (D. Conn. 1994) ("[I]f the original plaintiffs lacked standing to bring their claims in the first place, the filing of a class action complaint does not toll the statute of limitations for other members of the purported class.").

Still other courts have reached the same result – no tolling for class actions – when the named plaintiffs have been found unsuitable class representatives for reasons other than lack of standing. *See, e.g., Burns v. Ersek*, 591 F. Supp. 837, 842 (D. Minn. 1984) ("perpetual tolling of class claims . . . is not a proper application of" *American Pipe*); *Smith v. Flagship Int'l*, 609 F. Supp. 58, 64 (N.D. Tex. 1985) (*American Pipe* does not allow "simply refiling a new class action using a different putative class member as a representative.").

11

The rule established and reflected by the decisions above – that a new action alleging claims of the putative class is barred by the statute of limitations – may not be evaded by a motion to intervene. That was the express holding of *Fleming v. Bank of Boston Corp.*, 127 F.R.D. 30, 36 (D. Mass. 1989), *aff'd sub nom. Fleming v. Lind-Waldock & Co.*, 922 F.2d 20 (1st Cir. 1990), in which the court ruled that "[t]his circumvention . . . is not appropriate and . . . will not be permitted." The court also ruled that intervention is "particularly inappropriate" when a case has reached the stage where it can be decided on summary judgment, and that there would be no tolling for a class action when (as here) the original plaintiff would not be a class member.

*Fleming* relied heavily – as did this Court in *Crazy Eddie* – on *In re Elscint, Ltd. Securities Litigation*, 674 F. Supp. 374 (D. Mass. 1987). Like *Crazy Eddie*, *Elscint* involved initial plaintiffs alleging a § 11 violation who could not trace and hence lacked standing. Others with standing then moved to intervene and represent the class, but the court denied the motion. It ruled that it was "troubled by the potential abuse of a rule extending class action tolling to all cases in which certification is denied for lack of standing." 674 F. Supp. at 378. Such a rule, the court added, "may condone or encourage attempts to circumvent the statute of limitation by filing a lawsuit without an appropriate plaintiff and then searching for one who can later intervene with the benefit of the tolling rule." *Id.* The court held:

> [I]t would be improper to allow the filing of a class action by nominal plaintiffs who are wholly inadequate to represent the asserted class to have the effect of tolling limitation to permit the otherwise untimely intervention of proper class representatives.

*Id.* The court found support for that holding in the fact that, if intervention were allowed, the original plaintiffs "would not even be members of the class which the intervenors would be certified to represent." *Id.* at 379; *see also Fleck v. Cablevision VII, Inc.*, 807 F. Supp. 824, 827

(D.D.C. 1992) (no tolling for a new complaint or amendment of existing complaint "through the use of a new class representative" as intervenor).

In sum, the Castillos and Mr. Mendez seek intervention solely in order to representative a class extending beyond a year from the filing of their individual claims, a result prohibited by the many decisions holding that *American Pipe* does not permit the tolling of the limitations period for class claims. Accordingly, for this reason as well the others set forth above, this Court should deny the cross-motion to intervene.

## CONCLUSION

For the foregoing reasons, Wells Fargo's summary judgment motion should be granted as unopposed, and the cross-motion to intervene denied. Wells Fargo also respectfully requests such other and further relief as this court deems just and proper.

Dated: New York, New York
       August 8, 2005

GOODWIN PROCTER LLP

By: _____
    Leonard F. Lesser (LL-4054)
599 Lexington Avenue
New York, New York 10022
(212) 813-8800

Attorney for Defendants
Wells Fargo Home Mortgage, Inc., WFC Holdings Corporation, Wells Fargo & Company, and the entity named "Wells Fargo Financial Services, Inc."

*Of Counsel*:
Thomas M. Hefferon, P.C.
GOODWIN PROCTER LLP
1717 Pennsylvania Avenue, N.W.
Suite 500
Washington, DC  20006
(202) 974-1000

13