**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| WAYNE A. KRUSE, LISA M McLEOD, ROBERT SCHILL and DAVID and BARBARA LEGRO, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>WELLS FARGO HOME MORTGAGE, INC., WFC HOLDINGS CORPORATION, WELLS FARGO & COMPANY, and WELLS FARGO FINANCIAL SERVICES, INC.,<br><br>Defendants. | X<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>X | 02-CV-3089 (ILG) (RLM) |

# PLAINTIFFS' AMENDED MEMORANDUM OF LAW IN SUPPORT OF THEIR CROSS MOTION FOR INTERVENTION

DOCS\296315v1

**TABLE OF CONTENTS**

                                                                       **Page**

PRELIMINARY STATEMENT ...................................................................................................1

ARGUMENT ...................................................................................................................................2

       I.       RULE 24(B) PERMITS INTERVENTION IN THIS ACTION .............................2

              A.       There is an Independent Ground for Jurisdiction .......................................3

              B.       The Motion is Timely ..................................................................................3

              C.       There Exists Common Questions of Law and Fact Between the
                     Intervenors' Claims and the Underlying Action.........................................4

              D.       Policy Considerations in Class Actions Strongly Favor Granting
                     Intervention Motions....................................................................................5

CONCLUSION................................................................................................................................6

## TABLE OF AUTHORITIES

## FEDERAL CASES

Page

*Comer v. Cisneros*,
   37 F.3d 775 (2d Cir. 1994)..................................................................................................3

*Copeland v. Perales*,
   141 F.R.D. 11 (E.D.N.Y. 1992) ............................................................................................4

*Diduck v. Kaszycki & Sons Contractors, Inc.*,
   149 F.R.D. 55 (S.D.N.Y. 1993) ........................................................................................4, 5

*Eckert v. Equitable Life Assurance Soc'y of the United States*,
   227 F.R.D. 60 (E.D.N.Y. 2005) ............................................................................................5

*Engra, Inc. v. Gabel*,
   958 F.2d 643 (5th Cir. 1992) .................................................................................................4

*German v. Fed. Home Loan Mortgage Corp.*,
   896 F. Supp. 1385 (S.D.N.Y. 1995)..................................................................................3, 4

*Kruse v. Wells Fargo Home Mortgage, Inc.*,
   383 F.3d 49 (2d Cir. 2004).....................................................................................................1

*McNeill v. New York City Hous. Auth.*,
   719 F. Supp. 233 (S.D.N.Y. 1989)....................................................................................4, 5

*Sackman v. Liggett Group, Inc.*,
   167 F.R.D. 6 (E.D.N.Y. 1996)..............................................................................................3

*Swan v. Stoneman*,
   635 F.2d 97 (2d Cir. 1980).....................................................................................................5

*Trief v. Dun & Bradstreet Corp.*,
   144 F.R.D. 193 (S.D.N.Y. 1992) ..........................................................................................5

*United States v. Washington*,
   86 F.3d 1499 (9th Cir. 1996) .................................................................................................4

## FEDERAL STATUTES

12 U.S.C. § 2607.........................................................................................................................1

12 U.S.C. § 2607(b) ....................................................................................................................1

```
```

## MISCELLANEOUS

David F. Herr, Annotated Manual for Complex Litigation, § 21.26 at 310 (4th ed. 2005).............5

## OTHER AUTHORITIES

Federal Rule of Civil Procedure 24(b).......................................................................................2,3

Members of the proposed plaintiff class Richard and Rhianna Carrillo and Armando Martinez and Alinda Martinez, David R. Jarvis and Suzanne L. Jarvis, Sharon Petrie and Patricia Coley ("Intervenors") respectfully submit this memorandum of law in support of their cross motion to intervene in the above-captioned action (the "Action").

## PRELIMINARY STATEMENT

This case deals with Defendants' practice of charging home buyers marked-up fees for "settlement services" provided in connection with the closing of their home mortgage loans. Permissible charges for such services are governed by Section 8 of the federal Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2607, which prohibits "unearned fees" in subsection (b). Unearned fees, fees not reasonably related to the value of services actually performed, such as mark-ups of third-party vendor charges, are prohibited under Section 8(b)'s requirement that settlement service providers not accept any "portion" or "percentage" of any settlement service fee "other than for services actually performed." The Complaint alleges that Defendants violated Section 8(b) by charging home buyers settlement service fees for which Defendants did not actually perform any service. Plaintiffs paid something for nothing. Defendants' charges are thus "unearned fees," which violate Section 8(b). The Complaint alleges that Defendants routinely charge home buyers unearned fees for settlement services at a time when the borrowers are in no position to resist: at the closing of their home loans.

In 2004, the Second Circuit reviewed the order granting judgment on the pleadings in this Action. The Second Circuit reviewed the language of Section 8(b) of RESPA, 12 U.S.C. § 2607(b), which provides that "No person shall give and no person shall accept any portion . . . of any charge made or received for the rendering of a real estate settlement service . . . other than for services actually performed." *See Kruse v. Wells Fargo Home Mortgage, Inc.,* 383 F.3d 49,

52 (2d Cir. 2004). The Second Circuit adopted a position, accepting the U.S. Department of Housing and Urban Development's interpretation prohibiting lenders and other service providers from collecting any unreasonably excessive fees, that mark-ups of third-party-vendor charges were prohibited. Upon remand of the case, discovery demonstrated that none of the named plaintiffs had marked-up fees. On June 17, 2005, Defendants served a motion for summary judgment on this issue.[1] As a result, to protect the claims of the putative class, the Intervenors seek to become plaintiffs in this Action so that their claims and the claims of the other members of the class are not lost.

All of the elements necessary to permit permissive intervention under Federal Rule of Civil Procedure 24(b) are unquestionably present here. The Intervenors share common questions of law and fact between their claims alleging violations of RESPA and the identified claims of the underlying actions. This motion was brought in a timely manner – shortly after the determination that the named plaintiffs may not be able to continue in the action and in accordance with a schedule agreed to by Magistrate Judge Mann – and Defendants will not be prejudiced in any way by permitting intervention. Accordingly, the motion for intervention should be granted.

## ARGUMENT

### I.    RULE 24(b) PERMITS INTERVENTION IN THIS ACTION

Federal Rule of Civil Procedure 24(b) and (c) provide

> (b)     Permissive Intervention. Upon timely application anyone may be permitted to intervene in an action: (1) when a statute of the United States confers a conditional right to intervene; **or (2) when an applicant's claim or defense and the main action have a question of law or fact in common** . . . . In

---

[1] Plaintiffs do not contest Defendants' motion for summary judgment as to plaintiffs Wayne A. Kruse, Lisa M. McLeod, Robert Schill, and David and Barbara Legro.

exercising its discretion the court shall consider whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties. (emphasis added)

(c)     Procedure.  A person desiring to intervene shall serve a motion to intervene upon the parties as provided in Rule 5.  The motion shall state the grounds therefor and shall be accompanied by a pleading setting forth the claim or defense for which intervention is sought.

Rule 24(b) allows permissive intervention if three grounds are met:  (i) the intervenor shows an independent ground for jurisdiction; (ii) the motion is timely; and (iii) there exists a common question of law and fact between the intervenor's claim and the main action.  *See Comer v. Cisneros*, 37 F.3d 775, 801 (2d Cir. 1994).  As noted above, the decision whether to allow intervention under Rule 24(b)(2) rests within the Court's sound discretion.  *See Sackman v. Liggett Group, Inc.*, 167 F.R.D. 6, 22 (E.D.N.Y. 1996) ("The district court's discretion under Rule 24(b)(2) is broad."); *German v. Fed. Home Loan Mortgage Corp.*, 896 F. Supp. 1385, 1391 (S.D.N.Y. 1995) ("the Rule is to be construed liberally").

### A.     There is an Independent Ground for Jurisdiction

The Intervenors have claims against Defendants under the provisions of RESPA as set forth in the Proposed Amended Complaint, submitted herewith.  Each of the Intervenors obtained a mortgage through Defendants and paid settlement service fees that were marked-up.  For example, Richard and Rhianna Carrillo paid an underwriting fee of $400.  Armando and Alinda Martinez paid an underwriting review fee of $800.  David R. and Suzanne L. Jarvis paid an appraisal fee of $1,650 and a tax service fee of $135.  Sharon Petrie paid an underwriting fee of $425.  Patricia Coley paid an underwriting fee of $425.

### B.     The Motion is Timely

In considering the timeliness issue, courts consider three factors:  (a) the stage of the proceeding at the time the applicant seeks to intervene; (b) the prejudice to the existing parties

from applicant's delay in seeking leave to intervene; and (c) any reason for the length of delay in seeking intervention (how long the prospective intervenor knew or reasonably should have known of her interest in the litigation).  *See United States v. Washington*, 86 F.3d 1499 (9th Cir. 1996); *Engra, Inc. v. Gabel*, 958 F.2d 643, 644 (5th Cir. 1992).

Here, the Intervenor's motion is timely.  The litigation is still in its early stages: discovery has been limited to the named plaintiffs and general merits discovery and depositions have yet to commence.  Defendants will not be prejudiced by the intervention as they are already on notice as to the claims alleged against them.  Finally, the Intervenors have not unnecessarily delayed seeking to intervene in this Action having sought intervention shortly after discovery relating to the named plaintiffs was concluded and the need for intervention was realized.[2]

### C. There Exists Common Questions of Law and Fact Between the Intervenors' Claims and the Underlying Action

The Intervenors' claims are based on the same alleged violation of RESPA Section 8(b) as is the underlying action:  Defendants' mark-up of settlement service fees for services provided by third parties.  The Proposed Amended Complaint is virtually identical to the present Complaint and therefore raises the same issues that are already before this Court.  Thus, there exists common questions of law and fact between the claims of the Intervenors and the underlying action.  *Diduck v. Kaszycki & Sons Contractors, Inc.*, 149 F.R.D. 55, 59 (S.D.N.Y. 1993) (intervention granted where "the intervenor's claims raise identical questions of law and

---

[2] In addition, the Invervenors are represented by counsel for Plaintiffs and the proposed class so "undue delay, complication, or procedural difficulty remain unlikely."  *McNeill v. New York City Hous. Auth.*, 719 F. Supp. 233, 250 (S.D.N.Y. 1989); *see also German v. Fed. Home Loan Mortgage Corp.*, 899 F. Supp. 1155, 1166-67 (S.D.N.Y. 1995) (intervention appropriate where intervenors were represented by same counsel as other named plaintiffs); *Copeland v. Perales*, 141 F.R.D. 11, 14 (E.D.N.Y. 1992) (plaintiff and intervenor were represented by the same counsel so permitting intervention "will not unduly delay or prejudice the rights of the original parties").

fact to those currently before the Court"); *Copeland*, 141 F.R.D. at 14 (intervention granted where intervenor's "complaint reveals that the claims therein are virtually identical to those found in Copeland's complaint"); *McNeill v. New York City Hous. Auth.*, 719 F. Supp. 233, 250 (S.D.N.Y. 1989) (same).

### D. Policy Considerations in Class Actions Strongly Favor Granting Intervention Motions

In class actions, intervention is "highly desireable" "to ensure adequate class representation." *Trief v. Dun & Bradstreet Corp.*, 144 F.R.D. 193, 202 (S.D.N.Y. 1992) (rejecting defendants' arguments that intervention was untimely). Intervention in class actions is also important because "members of a class are normally bound by the judgment in the class action." *Diduck*, 149 F.R.D. at 58. "[R]eplacement of the class representative may become necessary. . . . The court may permit intervention by a new representative. . . ." David F. Herr, *Annotated Manual for Complex Litigation*, § 21.26 at 310 (4th ed. 2005). If the intervention motion is not granted, the claims of the class will be lost, not because the claims are invalid, indeed the Second Circuit has explicitly held that a claim for marked-up fees may be brought under RESPA, but because Defendants were successful in removing the named plaintiffs from the action. "[A]llowing defendants to 'pick off' putative lead plaintiffs contravenes one of the primary purposes of class actions – the aggregation of numerous similar (especially small) claims in a single action." *Eckert v. Equitable Life Assurance Soc'y of the United States,* 227 F.R.D. 60, 62 (E.D.N.Y. 2005) (citation omitted) (allowing intervention after named plaintiff settled claim on his behalf only). Moreover, a controversy still remains between Defendants and the class and the case therefore should continue under the direction of the Intervenors. *See Swan v. Stoneman*, 635 F.2d 97, 99, 102 n.6 (2d Cir. 1980) (intervention was allowed under Rule 24(b)

in a class action where a live controversy continued to exist between the putative class and the defendants).

As set forth herein, all of the elements necessary for intervention are present and there are strong policy considerations favoring intervention. Therefore, the Intervenors' motion for intervention pursuant to Federal Rule of Civil Procedure 24 should be granted in all respects.

## CONCLUSION

For all the foregoing reasons, the motion for intervention should be granted.

Dated: August 8, 2005                                             Respectfully submitted,

**MILBERG WEISS BERSHAD
 & SCHULMAN LLP**

By:   s/Barry A. Weprin
Barry A. Weprin (BW-8637)
Susan M. Greenwood (SG-8372)
One Pennsylvania Plaza
New York, NY 10119
(212) 594-5300

**LERACH COUGHLIN STOIA
GELLER RUDMAN & ROBBINS LLP**
John J. Stoia, Jr.
Timothy G. Blood
401 B Street, Suite 1700
San Diego, CA 92101
(619) 231-1058

**PACKARD, PACKARD & JOHNSON PC**
Lon D. Packard (LP-5817)
Craig H. Johnson
2795 Cottonwood Parkway, Suite 600
Salt Lake City, UT 84121
(801) 428-9000

Von G. Packard
Ronald D. Packard
Jacquetta Bardacos
Four Main Street, Suite 200
Los Altos, CA 94022
(650) 947-7300

**THE LAW OFFICES OF MICHAEL E. HUBER PC**
Michael E. Huber
8170 S. Highland Drive, Suite E5
Sandy, UT 84093
(801) 733-5807